UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

W&T OFFSHORE, INC.  :  DOCKET NO. 14-cv-2449


VERSUS  :  JUDGE MINALDI

S.M.R. JEWELL, SECRETARY,
UNITED STATES DEPARTMENT
OF THE INTERIOR; ET AL.  :  MAGISTRATE JUDGE KAY


<u>MEMORANDUM RULING</u>


Before the court is a Motion to Compel [doc. 55] filed by W&T Offshore, Inc. ("W&T"),

urging us to order inclusion of documents identified in the privilege log [doc. 48, att. 1] provided

by the federal defendants and relating to the solicitor's opinion that was the subject of a Motion to

Compel [doc. 28] previously granted by this court. Doc. 49.  For the following reasons, the Motion

to Compel [doc. 55] is **DENIED**.


**I.**
**BACKGROUND**

W&T Offshore, Inc. ("W&T") brought suit in this court on August 7, 2014, seeking judicial

review of a final decision by the Department of the Interior ("DOI") Interior Board of Land

Appeals ("IBLA") issued the same year.[1]  Doc. 1, p. 1. W&T alleges that the DOI made an

improper retroactive application of a new formula for resolving delivery imbalances under the

Royalty in Kind ("RIK") program,[2] resulting in W&T owing a greater amount in principal and

---

[1] W&T appeals the IBLA's decision on this matter from February 11, 2014, in which the IBLA affirmed the Office of
Natural Resources' denial of appeal from orders issued in March and December 2010, requiring that W&T pay
additional royalties on its Outer Continental Shelf oil and gas leases. *See* Doc. 1, att. 2 (IBLA decision).
[2] The Royalty in Kind program was implemented as part of the government's receipt of royalties from offshore federal
oil and gas leases. Doc. 1, pp. 4–5.

interest when DOI terminated its election to receive royalties in kind from offshore federal oil and gas leases and demanded payment for final delivery imbalances. *Id.* at 1–2.

In briefing their Motion for Summary Judgment [doc. 26] and opposition to W&T's Motion for Summary Judgment [doc. 22], the defendants referred to an opinion issued by the Office of the Solicitor to the Department of the Interior Minerals Management Service ("MMS") on the RIK program. *See* doc. 26, att. 2, p. 18. W&T then filed a Motion to Compel ("first motion to compel") [doc. 28] asserting the relevance of this opinion to the record and arguing that the opinion had lost any privileged status it had because of its alleged incorporation into DOI policy and the DOI's public reliance on it. Doc. 28, att. 1, pp. 4–9. We agreed that W&T had shown that the opinion belonged in the record and ordered the defendants to produce a privilege log relating to the opinion. Doc. 44. After reviewing the privilege log and the parties' briefing on that issue, we also determined that attorney-client privilege had been waived by the defendants' reliance on the opinion. Doc. 49. Accordingly, we granted the first motion to compel. *Id*. The defendants appealed this ruling to Judge Minaldi, who denied same. Doc. 67.

After the privilege log was produced, W&T filed the instant motion, arguing for the inclusion of other documents identified in the privilege log and relating to the solicitor's opinion. Doc. 55. The documents at issue are:

| Date | Document | Short Title |
|------|----------|-------------|
| January 11, 2008 | Email from MMS to the Solicitor's Office requesting advice on application of Federal Oil and Gas Royalty Simplification and Fairness Act ("FOGRMA") to RIK imbalances, and an attached memorandum from MMS providing background information to that request. | January 2008 email and attachment |

| September 10 and 11, 2009 | Two emails from MMS to Solicitor's Office, the first requesting clarification of solicitor's opinion with an attachment and the second regarding a conversation clarifying legal advice. | September 2009 emails and attachment |
|---|---|---|
| October 13, 2009 | Email from MMS to Solicitor's Office and the attachment, a response to the solicitor's opinion. | October 2009 email and attachment |

Doc. 85, p. 3 n. 4; *see* doc. 48, att. 1.  Defendants oppose the motion. Doc. 84.

## II.
### LAW & ANALYSIS

W&T argues that the administrative record before this court is still incomplete due to defendants' failure to include the other documents identified in the privilege log. Doc. 55. It also contends that the defendants have waived any claim of privilege attached to those documents. *Id.*

Under the "record rule" review of agency action in a district court is generally limited to the administrative record[3] before the agency. *Sierra Club v. Peterson*, 185 F.3d 349, 369–70 (5th Cir. 1999); *see State of Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 n. 8 (5th Cir. 1988) ("Agency action is to be upheld, if at all, on the basis of the record before the agency at the time it made its decision.") (citation omitted). The Fifth Circuit recognizes this limitation as "a bedrock principle of judicial review." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n. 15 (5th Cir. 2001).

The record rule underscores the importance of having a record that is complete. A complete administrative record "should include all materials that might have influenced the agency's

---

[3] The Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, only permits non-statutory judicial review of final agency actions. *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (citing 5 U.S.C. § 704). The final agency action challenged in this case is the decision of the IBLA. Therefore the record in question is a matter of what documents directly or indirectly influenced the IBLA when it rendered the decision on this matter in 2014.

decision, and not merely those on which the agency relied in its final decision." *Stainback v. Sec. of Navy*, 520 F.Supp.2d 181, 186 (D.D.C. 2007) (internal quotations omitted). The record's completeness is designated by the agency, which is entitled to a presumption of regularity in discharging this duty. *Maritel v. Collins*, 422 F.Supp.2d 188, 196 (D.D.C. 2006). In order to rebut this presumption, a plaintiff must show clear evidence that the agency erred in its designation. *Gulf Coast Rod Reel and Gun Club, Inc. v. U.S. Army Corps of Engineers*, 2015 WL 1883522, *1 (S.D. Tex. Apr. 20, 2015) (citing *Calloway v. Harvey*, 590 F.Supp.2d 29, 37 (D.D.C. 2008)).

It is not enough to allege that the documents in question were before some other part of the agency. In order to show that the administrative record is incomplete, a party must demonstrate that they directly or indirectly influenced the agency decision maker. *Amfac Resorts, LLC v. U.S. Dep't of the Interior*, 143 F.Supp.2d 7, 12 (D.D.C. 2001); *see, e.g.*, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 738–39 (10th Cir. 1993) (considering record completeness in terms of what was forwarded from deciding officer to reviewing officer). "[D]eliberative, intra-agency memoranda and other such records are **ordinarily** privileged, and need not be included in the record." *Amfac Resorts*, 143 F.Supp.2d 7, 13 (D.D.C. 2007) (emphasis supplied). It is, however, sufficient to demonstrate that such documents were indirectly considered by showing the importance of the document to the issue that was before the agency decision maker.[4]

---

[4] *See, e.g.*, *California ex rel. Lockyer*, 2006 U.S. Dist. LEXIS 15761 at *7, *13–*15 (N.D. Cal. Mar. 16, 2006) (Plaintiffs showed that the administrative record did not include, among other records, internal agency documents related to the agency's selection of the challenged policy. Accordingly, the magistrate judge found that the administrative record was incomplete and ordered the federal defendants to produce the internal documents. However, she allowed that privilege could be asserted over the internal documents in a privilege log.).   In *Lockyer* the magistrate judge was also persuaded as to the incompleteness of the record by a declaration from the record assembler which did not specifically state that materials indirectly considered were included in the record. *Id.* at *11–*12. Here the record assembler declares that she included all materials "that the [DOI] considered, directly or indirectly, in this matter" in a supplement that were omitted from the original administrative record. Doc. 15, att. 1. However, the explicit reliance on the solicitor's opinion by the defendants – an element missing from *Lockyer* – was enough for this court to consider the presumption of reliability rebutted in the previous Motion to Compel. Doc. 44, p. 4 n. 6 and accompanying text.

Here W&T asserts that the documents at issue in this motion are part of the administrative record because they must also have been considered by the agency.[5] It maintains that their influence is shown by their citation in Government Accountability Office ("GAO") reports relating to the RIK program and the DOI response thereto. Doc. 55, att. 1, pp. 7–8. However, the only documents sought in this motion and explicitly referenced in a GAO report are the January 2008 email and attachment. *See* GAO-09-744, p. 8 ("In a January 2008 memo, MMS asked the Office of the Solicitor for an opinion on when to charge interest and whether its current methodology to price imbalances is consistent with law.") W&T also alleges that DOI's reliance on the documents at issue is clear from the chronology of communications up until the implementation of the new RIK formula in 2010 and from receipt of some of these communications by MMS staff members who were involved in the implementation. Doc. 55, att. 1, pp. 8–9; doc. 85, p. 5.

On the above evidence, the solicitor's opinion remains distinguishable from the documents at issue in this motion. The January 2008 email and attachment, as referenced in the GAO report, only appear relevant to establishing the background of the solicitor's involvement rather than the soundness of the resulting opinion. Thus there is no indication that those documents had any influence over the agency decision makers in their review of this matter.

Similarly, the chronology and recipient evidence relating to the communications occurring after the solicitor's opinion was received (the September 2009 and October 2009 emails and

---

[5] W&T appears to allege that the fact that these documents were before parts of the DOI other than the decision makers in this case – the IBLA and the director of the Office of Natural Resources Revenue ("ONRR") – is enough to show that they were considered in the agency's decision and review process. Doc. 85, att. 1, p. 5 (quoting *Bar MK Ranches*, 994 F.2d at 739). However, the record rule's reference to the agency decision, singular, makes it clear that the plaintiff must show that the documents were so important that they influenced a decision maker at some level in the matter on appeal to this court, and not just other decisions that preceded the adjudications in which plaintiff was involved. *See Lockyer*, 2006 U.S. Dist. LEXIS 15761 at *9 ("To be complete the administrative record must contain materials that are directly or indirectly related to the agency's **decision** . . . .") (emphasis added) (citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555–56 (9th Cir. 1989). Therefore, despite W&T's contention, it is of great moment whether W&T can show that the documents it seeks must have been before some level of the agency, at least indirectly, in its adjudication process of this case.

attachments) are not persuasive enough to show that the record is incomplete. There was no acknowledgment of these communications in any GAO report, nor was there reliance on same from the defendants in their briefing to this court. Accordingly, W&T has not undermined the presumption of regularity to which the record is entitled for the documents sought in this motion. Therefore there is no need to consider whether privilege over those documents has been waived.

## III.
### CONCLUSION

Based on the foregoing, the Motion to Compel [doc. 55] is **DENIED**.

THUS DONE this 30th day of September, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE